IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELCOME ROBINSON AND ERICKA ROBINSON, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK N.A., <br><br> Defendant. | No. 3:18-CV-02176-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action is Defendant Wells Fargo Bank N.A.'s Motion for Summary Judgment (ECF No. 29). For the following reasons, the Court should GRANT the Motion.

**Background**

This lawsuit arises from Wells Fargo's attempted foreclosure sale of Plaintiffs' home located in Lancaster, Texas (the "Property"). Notice Removal 1, ¶¶ 1–2 (ECF No. 1). On March 2, 2005, Welcome Robinson and his wife, Ericka Robinson, purchased the Property with proceeds from a loan evidenced by a Note. Pls.' Original Pet., Def.'s Ex. D. at 4, ¶ 4 (ECF No. 1-4); App. 07, Def.'s Ex. A.1 at ¶ 4 (ECF No. 31-1). The Note was secured by a deed of trust (the "DOT") encumbering the Property. *Id.* On October 13, 2011, the DOT was assigned to Wells Fargo. App. 23, Def.'s Ex. A.3 (ECF No. 31-1).

1

The Note's terms require the Robinsons to pay the Note's principal and interest on the first of each month. App. 07, Def.'s Ex. A.1 at ¶ 4 (ECF No. 31-1). The Note also provides that if the Robinsons fail to make payments as they become due, the maturity date of the Note accelerates, and the remaining unpaid balance becomes immediately due and payable in full. App. 08, Def.'s Ex. A.1 at ¶ 6 (ECF No. 31-1). The DOT similarly provides for the payment of principal and interest and any late fees on the debt evidenced in the Note, as well as authorization for acceleration of the maturity date of the Note and foreclosure of the Property if the Robinsons default. App. 12, 14–15 Def.'s Ex. A.2 at ¶¶ 1, 9 (ECF No. 31-1).

On October 5, 2016, the Robinsons and Well Fargo executed a Home Affordable Modification Agreement. Pls.' Original Pet., Def.'s Ex. D at 4, ¶ 4 (ECF No. 1-4). Among other things, this Agreement elevated the principal amount of the Robinson's loan. *Id.* Thereafter, the Robinsons defaulted on the February 1, 2017 payment. App. 04, Def.'s Ex. A. at ¶ 6 (ECF No. 31-1). Wells Fargo subsequently accelerated the debt and gave notice to the Robinsons of a foreclosure sale to occur on August 7, 2018. App. 37–44, Def.'s Exs. B.1–B.2 (ECF No. 31-1).

The Robinsons filed this lawsuit on August 6, 2018 to stop the foreclosure sale. They assert three causes of action: (1) violations of the Texas Debt Collection Act ("TDCA"); (2) violations of the Texas Property Code; and (3) breach of contract. Pls.' Original Pet., Def.'s Ex. D at 6–8, ¶¶ 5–7 (ECF No. 1-4). And they seek statutory, exemplary, and actual damages under the Texas Finance Code as well as

injunctive relief, a declaratory judgment as to void deeds, and reasonable attorney's fees and costs. *Id.* at 11–13, ¶¶ 9–11.

Wells Fargo timely removed the suit to federal court asserting diversity jurisdiction. Notice Removal 2, ¶ 5 (ECF. No. 1). It now moves for summary judgment as to all of the Robinsons' claims and causes of action. Def.'s Mot. Summ. J. (ECF No. 29). The Robinsons filed a response (Pls.' Resp. (ECF No. 36)), and Wells Fargo replied (Def.'s Reply Pls.' Resp. (ECF No. 38)). The Court also heard oral argument on the motion on September 29, 2020. Accordingly, the motion is fully briefed and ripe for determination.

**Legal Standard**

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citations omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992)

(citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (citing *Ragas*, 136 F.3d at 458; *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)).

## Analysis

I.   <u>The Robinsons failed to establish a claim for breach of contract.</u>

Wells Fargo first seeks summary judgment on the Robinsons' claim for breach of contract. Texas courts have identified four essential elements of a breach of contract claim: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Valero Marketing & Supply Co. v. Kalama Intern*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (emphases removed); *see also Landrum v. Devenport*, 616 S.W.2d

4

359, 361 (Tex. App.—Texarkana 1981, no writ). Beyond these requirements, "a claim for a breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x. 233, 238 (5th Cir. 2014).

Here, the Robinsons fail to point to a specific contractual provision breached by Wells Fargo. Instead, they merely claim that Wells Fargo's alleged violation of the Texas Property Code "constitutes a breach of contract between the two parties." Pls.'s Original Pet., Def.'s Ex. D. at 8, ¶ 7 (ECF No. 1–4). That statement does not sufficiently identify a specific contractual provision, according to the Fifth Circuit, which found similar allegations failed to state a claim for breach of contract. *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x. 240, 244 (5th Cir. 2015). In *Guajardo*, plaintiffs claimed the mortgagee breached the deed of trust by violating § 51.002 of the Texas Property Code. *Id.* The Fifth Circuit affirmed the district court's dismissal of this claim because plaintiffs failed to identify a specific provision in the deed of trust incorporating an obligation to comply with the Property Code. *Id.* Similarly, the Robinsons do not point to any specific provision in the Note or Deed of Trust creating an obligation to comply with the Texas Property Code.

Further, the Robinsons adduced no evidence that they have suffered damages as the result of any alleged breach. If there is no foreclosure and the property owners maintain title and continuous possession of their property, there are no damages recoverable under a breach of contract claim. *See Peoples v. BAC*

5

*Home Loans Serv., LP*, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011) (holding plaintiff failed to allege damages for breach of contract where no foreclosure occurred, she remained in continuous possession and occupation, and title remained in her name). There is no dispute in this case that Wells Fargo never foreclosed on the Property, or that the Robinsons remain in possession of, and currently occupy, the Property.

Indeed, there is no dispute that the Robinsons have not incurred any actual damages at all. Their counsel admitted as much during the hearing on Defendant's Motion for Summary Judgment:

> COURT: [Y]ou understand that with respect to your affirmative claim [Wells Fargo] can succeed on summary judgment by pointing to the absence of evidence that would be necessary to raise a fact question on an essential element of your claim, in this case damages. And they can require you to respond with some evidence that would at least raise a fact question that you have suffered damages.
>
> PLAINTIFFS' COUNSEL: I understand the principle. We just—we cannot—we cannot point to a monetary damage other than the cost of the suit.

Tr. 8:23–9:7 (ECF No. 41); *see also id.* 7:24–8:1 (Plaintiffs' Counsel: "Do they have monetary damages that are quantifiable because they've been disposed already? Well, no, they haven't been dispossessed already thanks to this suit."); *id.* 8:19—8:21 (Plaintiffs' Counsel: "But [do] we have—we have a monetary figure that we can show from having to purchase or occupy substitute property? No, we don't, because we haven't been dispossessed.").

The Court should grant Wells Fargo summary judgment on the Robinsons' breach of contract claim because the Robinsons failed to identify any specific contractual provision breach by Wells Fargo and they have no evidence that they suffered any actual damages.

II.   The Robinsons' Texas Property Code claim fails as a matter of law.

Wells Fargo next moves for summary judgment on the Robinsons' claims under the Texas Property Code. Specifically, the Robinsons allege in their original petition that Wells Fargo gave "one or more" notices that failed to comply with the Texas Property Code and "failed to give notice before giving notice" of acceleration and foreclosure. Pls.' Original Pet., Def.'s Ex. D at 7–8, ¶ 6 (ECF No. 1-4). The Robinsons argue this failure to provide valid notice violated § 51.002 of the Texas Property Code and entitles them to damages and other relief. *Id.* However, there is no private cause of action under § 51.002 of the Texas Property Code. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 569 (Tex. 2001) ("Section 51.002 establishes the procedures for conducting a foreclosure sale."). And the Robinsons tacitly acknowledge this reality by abandoning their claim in their Response to Defendant's Motion for Summary Judgment. In their Response, the Robinsons argue only that "[p]laintiffs should be able to proceed to trial on their claims based on the Texas Debt Collection Act and alternatively on breach of contract." Pls.' Resp. 1, ¶ 1 (ECF No. 36). They do not mention their claim under the Texas Property Code.

The Robinsons are correct to disclaim any cause of action under the Texas Property Code. The statute contains no language or provision creating a private cause of action, as this Court has previously recognized. *Flores v. PennyMac Loan Servs., LLC*, 2019 WL 4720977, at *5 (N.D. Tex. Sept. 4, 2019), *rec. accepted*, 2019 WL 4691621 (N.D. Tex. Sept. 25, 2019); *see also Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."); *Solis v. U.S. Bank, N.A.*, 2017 WL 4479957, at *2 (S.D. Tex. June 23, 2017) ("Section 51.002 of the Texas Property Code, however, does not provide a private right of action." (citations omitted)), *aff'd*, 726 F. App'x 221 (5th Cir. 2018) (per curiam) (finding Property Code issues waived on appeal); *Anderson v. CitiMortgage*, 2014 WL 2983366, at *5 (E.D. Tex. July 2, 2014) ("Under Texas law, there is no independent cause of action for breach of § 51.002" (citation omitted)).

Some federal courts have construed allegations, like the Robinsons', as asserting an alleged violation of the Texas Property Code as a wrongful foreclosure claim. *See, e.g., Carey v. Fargo*, 2016 WL 4246997, at *3 (S.D. Tex. Aug. 11, 2016) (citing *Warren v. Bank of Am., N.A.*, 2013 WL 8177096, at *5 (N.D. Tex. Nov. 15, 2013); *Anderson v. Nat'l City Mortg.*, 2012 WL 612562, at *6 (N.D. Tex. Jan. 17, 2012); *Johnson v. Vericrest Fin., Inc.*, 2010 WL 3464971, at *4 (N.D. Tex. Aug. 27, 2010)). To prevail on a claim for wrongful foreclosure under Texas law, Plaintiff must establish: "(1) a defect in the foreclosure sale proceedings; (2) a grossly

inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017) (per curiam). And Plaintiff must not be in possession of the property at issue. *Id.* Texas does not recognize a cause of action for *attempted* wrongful foreclosure. *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446–47 (5th Cir. 2013) (per curiam) (citation omitted).

Again, it is undisputed that Wells Fargo has not foreclosed on the Property and that the Robinsons are still in possession of the Property. Accordingly, to the extent the Robinsons' claim for violations of the Texas Property Code could be construed as a claim for wrongful foreclosure or attempted wrongful disclosure, they cannot prevail on such a cause of action. Thus, the Robinsons' claims for violations of the Texas Property Code fail as a matter of law and should be dismissed with prejudice.

    III.   <u>The Robinsons fail to identify any evidence of actual damages—an essential element of any TDCA claim; therefore, all their claims arising under that statutory framework fail.</u>

Finally, Wells Fargo next moves for summary judgment on the Robinsons' claims under the TDCA, which prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. *See Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, at *3 (N.D. Tex. July 21, 2010); *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). To prevail on a TDCA claim, a Plaintiff must establish (1) the existence of a consumer debt; (2) that the defendant is a debt collector as defined by the TDCA; (3) that the

defendant committed a wrongful act in violation of the TDCA; (4) against the plaintiff; and (5) plaintiff suffered injury as a result of the defendant's wrongful act. *Putty v. Fed. Nat'l Mortg. Ass'n*, 2017 WL 5070423, at *3 (N.D. Tex. Nov. 3, 2017) (citations omitted). The United States Court of Appeals for the Fifth Circuit has held that mortgage "servicers and assignees are debt collectors, and therefore are covered, under the TDCA." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 722 (5th Cir. 2013) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (emphasis removed); *see also Starling v. JPMorgan Chase Bank, N.A.*, WL 4494525, at *7 (N.D. Tex. Aug. 22, 2013) ("Because Defendant is attempting to collect on the mortgage note and foreclose on the Property, it is a debt collector under the TDCA.").

The Robinsons allege that Wells Fargo violated various provisions of the TDCA. *See* Pls.' Original Pet., Def.'s Ex. D. at 6, ¶ 5 (ECF No. 1-4). But Wells Fargo argues that these claims fail because the Robinsons neither pleaded, nor adduced evidence sufficient to raise a fact question on, actual damages. Indeed, Texas courts have held "that a plaintiff who cannot prove actual damages cannot successfully maintain an action under the [TDCA]." *Naranjo v. Univ. Sur. of Am.*, 679 F. Supp. 2d 878, 801 (S.D. Tex. 2010) (quoting *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 30-31 (Tex. App.–Tyler 2000, pet. denied)) (internal quotation omitted); *see also Elston v. Resolution Servs., Inc.*, 950 S.W.2d (Tex. App.—Austin 1997) (affirming summary judgment when plaintiff failed to prove defendant's alleged violations resulted in actual damages).

The Robinsons failed to plead any facts indicating they suffered actual damages, and they failed to point to any evidence of damages in response to Defendant's Motion for Summary Judgment. Their counsel also admitted during the hearing on Defendant's Motion for Summary Judgment that the Robinsons have not incurred any actual damages. Accordingly, Wells Fargo is entitled to summary judgment on the Robinsons' TDCA claims.

The Robinsons' TDCA claims also fail on individual grounds. The Court will briefly consider each alleged violation in turn.

    a. § 392.301(a)(8)

The TDCA prohibits debt collectors from using "threats, coercion, or attempts to coerce" by means of "threatening to take an action prohibited by law." Tex. Fin. Code § 392.301(a)(8). But the Robinsons are not entitled to relief under § 392.301(a)(8) because threatening foreclosure is not prohibited by the TDCA.

It is well established in the Fifth Circuit that "foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage. *Wildly v. Wells Fargo Bank, N.A.*, 2017 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012) (citing *Burr v. JPMorgan Chase Bank, N.A.*, 2012 WL 1059043, at *7 (S.D. Tex. March 28, 2012). The district court in *Clark v. Deutsche Bank National Trust Company* found a bank did not threaten to take an action prohibited by law when threatening to foreclose on plaintiff's property because it had a contractual right to do so due to plaintiffs' admitted default. 2015 WL 4093948, at *12 (N.D. Tex. July 7, 2015). And even when the bank lacked legal

11

authority to foreclose on the plaintiff's property in *Wildly*, the district court still dismissed the § 392.301(a)(8) claim because threats to foreclose on the property were still not an unlawful action. *Wildly*, 2017 WL 5987590, at *3.

In this case, there is no dispute that the Robinsons defaulted on their mortgage loan. And threatening to foreclose a loan in default is not prohibited by law. Thus, the Robinsons' § 392.301(a)(8) claim fails because Wells Fargo did not participate in activity prohibited by law.

The Robinsons also claim Wells Fargo violated § 392.301(a)(8) by attempting to foreclose on the Property before proper notice was given under § 51.002 of the Texas Property Code. Pls.' Original Pet., Def.'s Ex. D. at 7, ¶ 5 (ECF No. 1-4). However, § 51.002(e) defines service of notice as complete "when the notice is *deposited* in the United States Mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code § 51.002(e) (emphasis added). The affidavit of a person knowledgeable of the facts regarding completion of service "is prima facie evidence of service." *Id*. Importantly, "[t]here is no requirement" that a debtor actually receive the notice. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (refusing to find service of notice defective merely because the debtor never received it).

Here, Wells Fargo provides proof that it properly served notice. *See* App. Def.'s Supp. Mot. Summ. J. (ECF No. 31). Included in the summary judgment record are scans of receipts for First-Class Mail used to send Notices of Default, App. 26, 30, Def.'s Exs. A.4 & A.5 (ECF No. 31-1), as well as receipts for the mailing

of Notices of Acceleration, App. 38, 42, Def.'s Exs. B.1 & B.2 (ECF No. 31-1), to Welcome and Ericka Robinson. Additionally, Wells Fargo provides the affidavit of Kimberly Ann Mueggenberg, Vice President of Loan Documentation at the company. App. 02, Def.'s Ex. A (ECF No. 31-1). She claims to have personal knowledge of service after reviewing Defendant's business records made by individuals with firsthand knowledge. *Id.* at 2, ¶ 1.

The Robinsons challenge the affidavit, arguing the affiant lacks sufficient personal knowledge of service because her information was obtained by examination of records instead of "long personal familiarity." Pls.' Br. Supp. Resp. 1–2, ¶ 1 (ECF No. 37). But § 51.002(e) does not require an affiant possess "long personal familiarity" with a loan. It merely requires that such an individual be "knowledgeable of the facts to the effect that service was completed." Tex. Prop. Code § 51.002(e). Here, Mueggenberg's knowledge is based on her review of First-Class mail receipts showing Wells Fargo sent notice to the Robinsons regarding their default (Def.'s Exs. A.4, A.5) and the bank's acceleration (Def's. Exs. B.1, B.2). (ECF No. 31-1). In the absence of any controverting evidence, this is enough to prove service of notice under § 51.002(e).

The Robinsons also argue that Wells Fargo lacks the requisite capacity to appoint a trustee to foreclose on the Property. Pls.' Br. Supp. Resp. 2, ¶ 1 (ECF No. 37). But Wells Fargo has adduced uncontroverted evidence that it did have that capacity. The Corporate Assignment of Trust clearly documents the transfer of the mortgage from the original lender to Wells Fargo. App. 23, Def.'s Ex. A.3 (ECF No.

13

31-1). The Robinsons claim Wells Fargo failed to prove the executor of the assignment acted on behalf of the original lender and Mortgage Electronic Registration Systems, Inc. in transferring the mortgage, Pls.' Br. Supp. Resp. at 3, ¶ 2 (ECF No. 37), but there is no merit to this argument. The assignment is properly signed and notarized by a Notary Public, see App. 23, Def.'s Ex. A.3 (ECF No. 31-1), and the Robinsons fail to cite any relevant law deeming this inadequate. And even if Wells Fargo lacked the capacity to foreclose, it still did not threaten unlawful action as threats to foreclose are not unlawful if the borrower is in default, like the Robinsons were here. *See Wildly*, 2017 WL 5987590, at *3. Accordingly, the Robinsons' claim under § 392.301(a)(8) fails and should be dismissed.

    b. § 392.304(a)(8)

Section 392.304(a) of the TDCA prohibits a debt collector from using "fraudulent, deceptive, or misleading misrepresentation that employs" certain practices. Tex. Fin. Code § 392.304(a). Among those proscribed practices is "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." *Id.* at § 392.304(a)(8). To prevail, plaintiffs must demonstrate the debt collector made a false or misleading statement that "led [them] to think differently with respect to the character, extent, amount, or status of [their] debt." *Miller v. BAC Home Loan Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). The Robinsons' § 392.304(a)(8) claim fails because they are unable to establish that Wells Fargo caused them to think differently about their debt.

The Robinsons contend Wells Fargo violated § 392.304(a)(8) by issuing notices of sale (1) without properly serving notice or (2) without authority to do so. Pls.' Br. Supp. Resp. 8, ¶ 6 (ECF No. 37). Even if the Court accepted these assertions as fact—which it does not—neither would give rise to a TDCA violation. The Robinsons do not contend that Wells Fargo's actions caused them to think they owed a different amount, that they were not in default, or that they did not have a mortgage debt. There is nothing to show what Wells Fargo purportedly misrepresented. Accordingly, the Robinsons' claim under § 392.304(a)(8) fails and should be dismissed.

    c. 392.304(a)(19)

Section 392.304(a)(19) of the TDCA is a catch-all provision that prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." Tex. Fin. Code § 392.304(a)(19); *see Brinkley v. PennyMac Loan Services, LLC*, 2018 WL 6004309, at \*9 ("Section 392.304(a)(19) is a catch-all provision that addresses all false representations or deceptive means that a party might employ in collecting a debt."). The Fifth Circuit has established that "[t]o violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading." *Verdin v. Fed. Nat'l Mortg. Ass'n*, 540 F. App'x. 253, 257 (5th Cir. 2013) (quoting *Kruse v. Bank of N.Y. Mellon*, 936 F.Supp.2d 790, 792 (N.D. Tex. April 1, 2013) (Boyle, J.) (internal quotations omitted)).

Again, the Robinsons claim Wells Fargo's failure to give notice and lack of capacity to foreclose constitutes a violation of this provision. Pls.' Br. Supp. Resp. 8, ¶ 6 (ECF. No. 37). But the Robinsons do not identify any affirmative statement made by Wells Fargo in an attempt to deceive them. As a result, their claim under § 392.304(a)(19) fails. *See Robins v. PHH Mortg. Corp.*, 2020 WL 5604042, at *4 (S.D. Tex. Sept. 18, 2020) (finding plaintiff failed to state a claim under § 392.304(a)(19) because she did not identify any affirmative statement made by the defendant to constitute a misrepresentation).

    d. § 392.303(a)(2)

Section 392.303(a)(2) of the TDCA prohibits a debt collector from using "unfair or unconscionable means that employ[s]" the practice of "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code § 392.303(a)(2). The Robinsons allege that Wells Fargo participated in such an illicit act by issuing notice of sale without authority, or without giving proper notice under the Texas Property Code, and/or charging the expense of such acts to the Loan. Pls.' Br. Supp. Resp. 7–8, ¶ 6 (ECF No. 37). However, this Court has already found Wells Fargo did have authority to foreclose and that service of notice was proper under the Texas Property Code. The Robinsons cannot establish that Wells Fargo attempted to collect more than what

16

it was entitled, as both the Note and Deed of Trust specifically provide for acceleration of the debt in case of default. The Deed of Trust reads:

> **(a)** **Default**. Lender, may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:
>
>> (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment.

App. 14, Def.'s Ex. A.2 (ECF No. 31-1). An analogous provision exists in the Note. App. 08, Def.'s Ex. A.1 (ECF No. 31-1).

There is nothing in the record to suggest Wells Fargo used any unfair or unconscionable means to collect on the debt that were not expressly authorized in the Note or Deed of Trust. Wells Fargo was entitled to foreclose on the Property after the Robinsons defaulted on their loan. Accordingly, this Court finds Wells Fargo should be entitled to judgment on this claim.

IV.   <u>The Robinsons are not entitled to injunctive relief.</u>

The Robinsons do not have a plausible underlying legal claim, so they are not entitled to injunctive relief. Under Texas law, injunctive relief is an equitable remedy, not an independent cause of action. *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (Fitzwater, J.) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)).

Here, the Robinsons have failed to provide supporting evidence for any of their claims sufficient to create a genuine dispute of material fact. Accordingly,

they are not entitled to relief on any of their substantive claims or on their claim for injunctive relief. *See Anderson v. CitiMortgage, Inc.*, 2011 WL 1113494, at *7 (E.D. Tex. March 24, 2011) ("As all of Plaintiffs' causes of action should be dismissed, and Plaintiffs have failed to allege sufficient facts to support their claims, Plaintiffs are not entitled to injunctive relief.").

V. <u>The Robinsons are not entitled to declaratory judgment.</u>

Having failed to state a viable underlying claim, the Robinsons are not entitled to declaratory judgment. Declaratory judgment is "remedial only." *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). A court may only grant such a remedy "based on an underlying claim." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 627 (N.D. Tex. August 31, 2011). The Robinsons have failed to rebut evidence proffered by Wells Fargo to create a genuine dispute of material fact on any of their claims. Accordingly, they are not entitled to declaratory judgment in this case. *See id.* ("there is no genuine dispute of material fact regarding Plaintiffs [sic] claims; thus, there is no underlying claim for the Court to adjudicate").

VI. <u>The Robinsons are not entitled to attorney's fees.</u>

Similarly, the Robinsons cannot recover attorney's fees. In Texas, plaintiffs are not entitled to attorney's fees unless they state a viable cause of action. *See Avila v. Mortg. Elec. Reg. Sys., Inc.*, 2012 WL 6055298, at *7 ("without a viable cause of action, [plaintiff] is not entitled to recover attorney's fees"); *see also Everhart v. CitiMortgage, Inc.*, 2013 WL 264436, at * 6 ("[plaintiffs] are not

entitled to their requested attorney's fees . . . because they have not pled any viable cause of action against Defendant"). Because there is no genuine issue of any material fact, the Robinsons are not entitled to attorney's fees.

## RECOMMENDATION

For the reasons stated, the Court should GRANT Defendants' Motion for Summary Judgment (ECF No. 29).

**SO ORDERED**.

October 15, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).