IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WELCOME ROBINSON and ERICKA ROBINSON, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK N.A., <br><br> Defendant. | No. 3:18-cv-02176-S-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this removed civil action is Plaintiffs Welcome and Ericka Robinson's Motion for New Trial (ECF No. 47). For the following reasons, the Court should DENY the Motion.

On January 7, 2021, Judge Scholer entered an order accepting the undersigned's recommendation that Plaintiffs' claims against Wells Fargo Bank N.A. (Wells Fargo) be dismissed and a judgement effectuating that dismissal. Order Accepting (ECF No. 45); J. (ECF No. 46). Twenty-nine days later, on February 5, 2021, Plaintiffs subsequently filed their Motion for a new trial, which the Court construes as a motion for relief from the January 7, 2021 judgment. Because Plaintiffs filed their Motion more than 28 days after the Court's judgment, it is properly considered under Rule 60(b) rather than Rule 59(e). *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); *Demahy v. Schwarz Pharma, Inc.*, 702

1

F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (internal citations omitted) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding under Rule 60(b). . . . If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.").

Rule 60(b) provides relief from a final judgment only under expressed circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). But "relief under Rule 60(b) is considered an extraordinary remedy," and "the desire for a judicial process that is predictable mandates caution against reopening judgments." *Carter v. Fenner*, 136 F.3d 1000, 1007 (5th Cir. 1998) (citations omitted). "The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests within the discretion of the court." *Williams v. Sake Hibachi Sushi*

*& Bar, Inc.*, 2020 WL 1862559, at *2 (N.D. Tex. Apr. 14, 2020) (Fitzwater, J.) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) (per curiam)).

In their Motion, Plaintiffs appear to copy and paste from their objections to the undersigned's recommendation. *Compare* Pls.' Obj. 1-5 (ECF No. 43) & Mot. 2-5. These objections allege that the undersigned committed various errors in interpreting the law and relevant contracts. *Id.* Thus, Plaintiffs appear to seek relief under Rule 60(b)(1), which provides that a "court may relieve a party . . . from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). To the extent Plaintiffs contend the Court erred in denying them relief, in the Fifth Circuit, "Rule 60(b)(1) 'may be invoked for judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law.'" *McCollum v. Davis*, 2019 WL 7461693, at *3 (N.D. Tex. Oct. 8, 2019), *rec. adopted*, 2020 WL 42352 (N.D. Tex. Jan. 3, 2020) (quoting *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)).

"Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) (citations omitted). Here, Plaintiffs have not identified any clear

statutory mandate or other precedent indicating that they had established a breach of contract or were otherwise entitled to relief. Therefore, Plaintiffs have not met their burden to establish that they are entitled to relief under Rule 60(b)(1) due to a mistake on the Court's part. *See Hendrix v. iQor, Inc.*, 2020 WL 8513708, at *2 (N.D. Tex. Dec. 29, 2020) (Rutherford, J.) (finding the plaintiff has not met her burden to establish relief under Rule 60(b)(1) due to a mistake on the court's part).

Further, when ruling on a Rule 60(b) motion, courts should consider a host of factors:

> (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

*Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).

By neglecting to file an appeal for over 200 days—and copying and pasting the majority of their Motion from their previously overruled objections to the

4

undersigned's recommendation—Plaintiffs are using their Motion as a substitute for appeal. *See Garrison v. Lowe's Home Ctrs., L.L.C.*, 2019 WL 1254132, at *5 (W.D. Tex. Mar. 7, 2019) (reasoning that the plaintiffs sought to effect an appeal outside of the appropriate time limits where they suggested that the court should have come to a different result in lieu of filing an appeal); *contra Grantley Pat. Holdings, Ltd. v. Clear Channel Commc'ns, Inc.*, 2008 WL 11347975 (E.D. Tex. Dec. 29, 2008) (finding that a Rule 60(b) motion was not used as a substitute for appeal where the aggrieved party promptly filed its notice of appeal). Such a use weighs against granting Plaintiffs' Motion. *See Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 471 (5th Cir. 1998) ("Courts should not grant relief [under Rule 60(b)] when the moving party has not been diligent in protecting its own rights by filing an appeal from an adverse judgement."). In light of this and the other factors relevant to the justice of the judgment under attack, the Court finds that Plaintiffs' motion should also be DENIED.

## RECOMMENDATION

For the reasons stated, the Court should DENY Plaintiffs' "Motion for New Trial" (ECF No. 47).

**SO RECOMMENDED**.

August 9, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).